**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **TSDC, LLC, /dba/ FIGHT LIKE A GIRL CLUB**<br>28045 RANNEY PKWY, SUITE O<br>WESTLAKE, OHIO 44145<br><br>       Plaintiff,<br><br>v.<br><br>**THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ENTITIES IDENTIFIED ON SCHEDULES "A" AND "B"**<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>Judge:<br><br><br><br><br><br>**COMPLAINT**<br><br><br><br><br>**(Jury Demand Endorsed Hereon)** |

Now comes Plaintiff, TSDC, LLC, /dba/ Fight Like a Girl Club ("TSDC" or "Plaintiff"), by and through the undersigned counsel and, for its Complaint alleges the following facts to be true:

## NATURE OF THE ACTION

This is a complaint by a copyright holder and author for infringement of exclusive rights by various individuals and entities engaged in the online sale of merchandise. Defendants are promoting, selling, reproducing, offering for sale, and distributing goods using Plaintiff's copyrighted work and/or derived therefrom within this District, and throughout the world, through various internet-based e-commerce marketplaces, stores, and websites operating under the seller identification names set forth on Schedules "A" and "B." Defendants are acting without Plaintiff's prior knowledge and/or consent. Plaintiff seeks injunctive relief, compensatory damages, statutory damages, punitive damages, attorneys' fees, and costs associated with this action.

## THE PARTIES

1. TSDC is an Ohio Limited Liability Company with a principal place of business in Westlake, Cuyahoga County, Ohio.

2. "Fight Like a Girl" is a registered trade name of TSDC.

3. TSDC is the holder of Copyright TX 7-327-130 covering a poem ("the Copyrighted Work") authored by Plaintiff's founder. (See Exhibit A, Certificate of Registration). The substance of the poem is: "Support the fighters, admire the survivors, honor the taken, and never give up."

4. Under the registered name "Fight Like a Girl," TSDC conducts business in Ohio, throughout the United States and the world, via the internet selling merchandise based upon the Copyrighted Work to support women in their fights against cancer and related causes.

5. Defendants are various individuals and entities engaged in the online sale of merchandise infringing upon Plaintiff's copyrighted work for profit.

6. Defendants listed on Schedule "A" are based outside of the United States of America.

7. Defendants listed on Schedule "B" are based inside the United States of America but outside the State of Ohio.

8. Plaintiff suffers ongoing daily and sustained infringement on its exclusive rights over the Copyrighted Work by infringers, such as Defendants herein, who wrongfully reproduce and imitate Plaintiff's original work for purposes of confusing the public as to the origin and nature of their goods and earn profits from that confusion.

9. The natural and intended consequences of Defendants' actions include the erosion of Plaintiff's goodwill, Plaintiff's loss of revenue, and monetary and intangible losses to consumers

whom Defendants have wrongfully led to believe that they are supporting women in their fight against cancer, not offering profits to private entrepreneurs.

10. To combat the indivisible harm caused by the actions of Defendants and others like them, Plaintiff has been forced to expend significant resources in connection with copyright enforcement efforts and actions like this one. To that end, Plaintiff has expended significant time, money, energy, and emotion in a broad spectrum of efforts to safeguard its goodwill and protect its consumers.

## JURISDICTION AND VENUE

11. This action seeks damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*.

12. This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 101 *et seq*., 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

13. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over state law claims so related to the copyright claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

14. Defendants are subject to personal jurisdiction in this District because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Ohio and this District through at least one internet-based e-commerce marketplace and/or interactive commercial website accessible in Ohio and operating under the identity listed in Schedules "A" and "B."

15. Upon information and belief, Defendants infringe upon Plaintiff's copyright in this District by advertising, using, selling, promoting, and distributing unauthorized reproductions

and/or derivatives of the Copyrighted Work through e-commerce marketplaces and individual websites.

16. The merchandise featuring direct and/or derivative infringement and offered for sale by Defendants is nearly identical to Plaintiff's own merchandise causing confusion for consumers attracted by Plaintiff's message and mission.

17. Defendants listed on Schedule "A" are foreign residents purposefully availing themselves of the United States to perpetuate their unlawful activities and have not consented to jurisdiction in another state, thus personal jurisdiction is also proper pursuant to Fed. R. Civ. P. 4(k)(2).

18. Venue is proper in this District with respect to Defendants listed on Schedule "A," who are based outside the United States of America, pursuant to 28 U.S.C. § 1391(c)(3), and 28 U.S.C. §1391(b)(2), and 28 U.S.C. §1400(a) because of their contacts with this District, including the infringing activities complained about herein.

19. Venue is proper in this District with respect to Defendants listed on Schedule "B," who are based within the United States of America, pursuant to 28 U.S.C. §1391(b)(2) and 28 U.S.C. §1400(a) because of their contacts with this District, including the infringing activities complained about herein.

## COUNT ONE
## Copyright Infringement

20. Plaintiff incorporates the allegations contained in Paragraphs 1-19 as if fully restated here.

21. The Copyrighted Work is an original creative work.

22. Under 17 U.S.C. 106, Plaintiff has exclusive rights to the Copyrighted Work and derivatives.

23. 17 U.S.C. § 101 defines derivative works as works "based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted." The Code Section continues: "[a] work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a 'derivative work'."

24. Pursuant to 17 U.S.C. § 106(2), Plaintiff has exclusive rights to derivative works based upon the Copyrighted Work; thus, Defendants' minor alterations in word choice do not allow them to circumvent copyright protection.

25. Plaintiff has not licensed any of Defendants the right to use the Copyrighted Work in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to any of the Defendants.

26. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed work copyrighted by Plaintiff thereby violating one or more of Plaintiff's exclusive rights in its copyright.

27. Defendants copied and continue to copy the Copyrighted Work, advertising, offering merchandise for sale, distributing, and selling unauthorized copies and derivatives via online marketplaces and stand-alone websites featuring unauthorized copies of the Copyrighted Work, portions thereof, and/or derivative works.

28. Defendants are directly liable for infringing Plaintiff's Copyrighted Work under the Copyright Act, 17 U.S.C. §§ 106(1), (2), (3), (5) & 501.

29. Defendants have actual and/or constructive knowledge of their infringement.

30. Each defendant has been contacted through the online intellectual property protection processes of one or more online marketplace or directly by Plaintiff where such procedure was unavailable.

31. Each defendant has been apprised of Plaintiff's copyright.

32. Each defendant has been given specific examples of their infringement.

33. Each defendant has received a demand to desist from such infringement.

34. Nonetheless, each Defendant's unlawful conduct continues.

35. Defendants have removed specifically challenged items only to list the same items for sale in a different marketplace or replace their listings with similarly infringing items.

36. The following paragraphs contain single examples, not exhaustive lists, of Defendants' infringement.

37. Defendant Curtis Pearson operates an Etsy Store called CurtisPearlStore offering for sale a digital download of this infringing work:



38. Defendant Hisham Fahd operates an Etsy store called EbroideryFilesArt offering for sale a digital download of this infringing work:

6



39. Defendant Chitesh Kwatra operates an Etsy Store called MINTCASECo offering for sale a digital download of this infringing work:



40. Defendant Cynthia Moynihan operates an Etsy Store called ValentineStateDesign offering for sale a digital download of this infringing work:



7

41. Defendant Semih Arkis operates an Etsy Store called ARKTeeshirt offering for sale this infringing shirt:



42. Defendant Ahmet Surmen operates Etsy Stores called NewStyleOutfits and ThreeDartDesign offering for sale this infringing shirt:



43. Defendant Vi Duc Cuong operates an Etsy store called CuongGift offering for sale a digital download of this infringing work:



44. Defendant Stephany McCann operates an Etsy Store called ElenaMariaDesigns offering for sale a digital download of this infringing work:



45. Defendant Reda Chak operates an Etsy Store called printsfuture2030 offering for sale a digital download of this infringing work:



46. The following Defendants' infringement involves derivative works. The most popular variation simply substitutes "angels" for "taken" as a way to reference those individuals who have died from cancer.

9

47. Defendant Thi Kieu Anh Bach operates an Etsy Store called Giftsheld offering for the sale a digital download of this infringing work:



48. Defendant Jane Doe #1, a/k/a Sarah, a/k/a Amanda, a/k/a Emma Kleeman operates an Etsy Store called DynamicDimensionsSVG offering for sale a digital download of this infringing work:



49. Defendant Jane Doe #2, a/k/a Sarah, a/k/a Amanda, a/k/a Emma Kleeman operates an internet-based store at *https://dynamicdimensionsdesign.com* offering for sale this infringing shirt:



50. Defendant Jane Doe #3, a/k/a Sarah, a/k/a Amanda, a/k/a Emma Kleeman operates an Etsy store called DynamicDimensionSVG offering for sale this infringing digital download:



51. Defendant Sam Beyazhancer is a principal of Defendants Creative ACC, Inc., and Shop4ever, Inc., California Stock Corporations, this individual and his associated entities d/b/a Shop4Ever, and are offering for sale this infringing product on Amazon.com:



52. Defendant Sam Beyazhancer is a principal of Defendants Creative ACC, Inc., and Shop4ever, Inc., California Stock Corporations, this individual and his associated entities d/b/a Shop4Ever and are offering for sale this infringing product on Walmart.com:



53. Defendant Ionesi Radu operates an Etsy store named hubStudio offering for sale a digital download of this infringing work:



12

54. Defendant Ashley LaBoone operates an Etsy store called ashwag13 offering for sale this infringing shirt:



55. Defendants Jane Doe #'s 3-10 operate online stores through Etsy and/or similar platforms and/or stand-alone website advertising, offering for sale, selling, and distributing infringing merchandise.

56. The foregoing acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to Plaintiff's rights in the Copyrighted Work.

57. Plaintiff has suffered monetary damages due to lost sales and reputational damages as result of Defendants infringement.

58. Defendants' unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm and unquantifiable damages to Plaintiff and are unjustly enriching Defendants at Plaintiff's expense.

59. As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights, Plaintiff is entitled to actual damages as well as Defendants' profits pursuant to 17 U.S.C. § 504(b).

60. As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights, Plaintiff is entitled to statutory damages to 17 U.S.C. § 504(c).

61. Plaintiff is entitled to elect whether to pursue actual and compensatory damages or statutory damages.

62. As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights, the Court may award Plaintiff reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

63. Plaintiff is entitled to injunctive relief to prevent or restrain infringement of its copyright pursuant to 17 U.S.C. § 502.

64. Without injunctive relief, these illegal enterprises will continue through the sellers identified in Schedules "A" and "B" and through other seller identifications owned now and in the future by Defendants.

**COUNT TWO**
**Ohio Deceptive Trade Practices, Ohio Rev. Code § 4165.02**

65. Plaintiff incorporates the allegations contained in Paragraphs 1-64 of this Complaint as if fully restated here.

66. Defendants have engaged in and continue to engage in violations of Ohio Deceptive Trade Practices statute.

67. R.C. 4165.02 makes it unlawful to (1) cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods, and (2) cause a likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another.

68. By producing, advertising, offering for sale, selling, and distributing merchandise featuring the Copyrighted Work and/or derivatives of the Copyrighted Work, Defendants are causing confusion as to the source of the merchandise they offer for sale.

69. Defendants have produced, advertised, offered for sale, sold, and distributed goods so similar to Plaintiff's own goods, and based upon the Copyrighted Work just as Plaintiff's own goods are, that an ordinary consumer is unable to distinguish between the two, thereby confusing the source of the goods.

70. By producing advertising, offering for sale, selling, and distributing merchandise featuring the Copyrighted Work and/or derivatives of the Copyrighted Work, Defendants are causing a likelihood of confusion concerning their affiliation, connection, and association with another, namely Plaintiff.

71. Plaintiff's business is centered upon a charitable mission to aid women battling cancer.

72. Plaintiff's mission engenders sympathy, support, and goodwill that rightfully drives sales.

73. Defendants' mission is to generate private profit.

74. Defendants wrongfully and unlawfully benefit from confusion as to the source of their goods and their affiliation or connection with Plaintiff.

75. Defendants' conduct constitutes deceptive trade practices in violation of Ohio's deceptive trade practices laws, R.C. 4165.01, et seq.

76. As a result of Defendants' deceptive trade practices, Plaintiff has suffered and is entitled to recover damages and attorneys' fees pursuant to R.C. 4165.01.

77. Defendants' actions and practices have caused and will continue to cause irreparable harm to Plaintiff unless they are enjoined.

78. Plaintiff has no adequate remedy at law.

79. Defendants' violations of R.C. 4165.02 cause Plaintiff damages in the form of lost sales from those consumers taken in by the confusion Defendants generate concerning the source of their goods and their affiliation with Plaintiff's mission.

80. Defendants' violations of R.C. 4165.02 damage Plaintiff's reputation with consumers unsure of the source of Plaintiff's goods and their connection and affiliation with Plaintiff's mission.

81. Defendants' violations of R.C. 4165.02 damage consumers who believe their dollars are being allocated to support Plaintiff's charitable mission when in fact those dollars are redirected for Defendants' private profit.

## COUNT 3
## Ohio Common Law Unfair Competition

82. Plaintiff incorporates the allegations contained in paragraphs 1-81 of this Complaint as if fully restated here.

83. Defendants are engaged in unfair competition with Plaintiff.

84. Plaintiff's advertisement, offer for sale, sale of, and distribution of merchandise featuring the Copyrighted Work and/or derivatives of the Copyrighted Work in support of Plaintiff's charitable mission has caused consumers to identify the Copyrighted Work as connected to supporting women fighting cancer.

85. Defendants' advertisement, offer for sale, sale of, and distribution of merchandise featuring the Copyrighted Work and/or derivatives of the Copyrighted Work is for private profit.

86. Because Defendants advertise, offer for sale, sell, and/or distribute nearly identical merchandise featuring the Copyrighted Work consumers are unable to ascertain that Defendants are not licensed by or affiliated with Plaintiff and unable to ascertain whether their purchases will support Plaintiff's mission or fill Defendant's pockets.

87. Defendants, having been put on notice of their infringement on Plaintiff's exclusive rights, have continued to produce copies of merchandise so similar to Plaintiff's own that it is fair to impute a purpose to mislead consumers as to the source the unauthorized merchandise.

88. Defendants have acquired benefits, primarily but not exclusively in the form of online sales of merchandise, which rightfully belong to Plaintiff.

89. Defendants' unfair competition damages Plaintiff by redirecting consumers who seek to support Plaintiff's mission to make purchases which instead give profits to Defendants.

90. Defendants' unfair competition damages Plaintiff's reputation by causing confusion among consumers who cannot be sure their purchase is supporting Plaintiff's mission.

91. Defendants' unfair competition damages consumers who believe their dollars are supporting Plaintiff's mission when in fact those dollars are simply profit for Defendants.

92. Defendants' conduct is willful, wanton and in reckless disregard for the harm to Plaintiff.

93. Defendants are liable to Plaintiff for their conduct.

## COUNT 4
### Ohio Common Law Unjust Enrichment

94. Plaintiff incorporates the allegations contained in paragraphs 1-93 of this Complaint as if fully restated here.

95. Through infringing upon Plaintiff's exclusive rights to the Copyrighted Work and derivatives, Defendants have been unjustly enriched.

96. Plaintiff's charitable mission engenders sympathy and support driving sales in a way in which Defendant's mission to profit cannot.

97. Defendant's benefit from this goodwill, which is conferred upon them by Plaintiff's activities.

17

98. Defendants know that this goodwill benefits them by driving sales.

99. Defendants know they are not affiliated with or licensed by Plaintiff and thus not entitled to take advantage of the goodwill created by Plaintiff.

100. Defendants have been put on notice of Plaintiff's exclusive rights but have continued to produce, advertise, offer for sale, sell, and distribute merchandise featuring the Copyrighted Work and/or derivatives of the Copyrighted Work.

101. Under these circumstances, it is unjust for Defendants to continue to benefit from Plaintiff's goodwill absent payment.

102. Plaintiff has suffered damages in the form of lost sales as a result of Defendants advertising, offering for sale, selling, and distributing infringing merchandise.

WHEREFORE, Plaintiff prays that the Court enters a judgment finding that Defendants have infringed upon Plaintiff's rights in violation of 17 U.S.C. §501 et seq., order injunctive relief, award damages and monetary relief as follows:

   a. A declaration that Defendants infringed upon Plaintiff's copyright interest in the Copyrighted Work;

   b. A declaration that Defendants' acts of infringement were willful;

   c. An accounting of all Defendants' profits gained from the infringement;

   d. An award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven at trial;

   e. An award of statutory damages based on Defendants' willful infringement under 17 U.S.C. 504(c);

f.  An order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

g.  Pursuant to 17 U.S.C. §§ 503(a)(1)(A), (B), and (C) an order for the impoundment of all infringing copies and derivatives, of the means of their reproduction, and all records documenting the manufacture, sale, or receipt of things involved in the violations;

h.  An award of the costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

i.  An award of punitive damages;

j.  An award of pre-judgment and post-judgment interest as permitted by law;

k.  Any other relief the Court deems just and proper.

                                          */s/ Angela M. Lavin*
                                          Angela M. Lavin        (0069604)
                                          Matthew O. Williams   (0090709)
                                          **WEGMAN HESSLER VALORE**
                                          6055 Rockside Woods Blvd., Ste., 200
                                          Cleveland, Ohio 44131
                                          Telephone: (216) 642-3342
                                          Facsimile:  (216) 642-8826
                                          Email: amlavin@wegmanlaw.com
                                                          mowilliams@wegmanlaw.com

*Attorneys for Plaintiff, TSDC, LLC /dba/ Fight Like A Girl Club*