UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TSDC, LLC, | ) | CASE NO.  1:24-CV-00370 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| CURTIS PEARSON, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

Before the Court are Plaintiff TSDC, LLC's ("TSDC") Motions for Default Judgment. (Docs. 36, 40.)  TSDC's Motions seek default judgment against Defendants Reda Chak, Hisham Fahd, Chitesh Kwatra, Curtis Pearson, Thi Kieu Anh Bach, FindBuyHub, LLC, Emma Kleeman, and Semih Arkis (together, "Defendants"). (Docs. 36, 40.)  For the reasons herein, both Motions are GRANTED in part and DENIED in part.

I.      BACKGROUND

    A.      Factual Background

TSDC operates "Fight Like a Girl Foundation." (Doc. 1, ¶ 2.)  Fight Like a Girl Foundation is a registered 501(c)(3) organization that works to support and empower women facing serious health diagnoses. (*Id.* at ¶ 4.)  To promote this mission, TSDC sells merchandise which contain empowering slogans or encouragements. (*Id.*)  One such encouragement is a poem authored by TSDC's founder, which reads: "Support the fighters, admire the survivors, honor the taken, and never give up." (*Id.* at ¶ 3.)  TSDC holds a copyright covering this poem, specifically, Copyright TX 7-327-130. (*Id.* (hereinafter, the "Copyrighted Poem").)

Defendants are various individuals or business entities who sell merchandise online. (*Id.*

at ¶ 5.)  TSDC alleges Defendants have sold, and are selling, merchandise with one or more copyrighted works owned by TSDC, including the Copyrighted Poem.  (*Id.*)  For instance, Defendant Pearson offers the following image for sale as a digital download on an Etsy store:



(*Id.* at ¶ 37.)  And Defendant Arkis offers the following shirt for sale on an Etsy store:



(*Id.* at ¶ 41.)  TSDC alleges each of the Defendants offers for sale similar merchandise, including shirts with the Copyrighted Poem.  (*Id.* at ¶¶ 37-53.)

Defendants are not affiliated with the TSDC or its mission.  (*Id.* at ¶ 86.)  Before this lawsuit, TSDC attempted to communicate with each Defendant to apprise them of violations of TSDC's copyrighted work.  (*Id.* at ¶ 30-34.)  Nonetheless, each Defendant continues to engage in activity which allegedly violates TSDC's copyright rights.  (*Id.* at ¶¶ 34-35.)

**B.  Procedural History**

On February 27, 2024, TSDC sued all Defendants raising four claims: copyright

infringement (17 U.S.C. § 106 (the "Copyright Act")) (Count One); violations of the Ohio Deceptive Trade Practices Act (R.C. § 4165.02) (Count Two); violations of unfair competition under Ohio common law (Count Three); and unjust enrichment under Ohio common law (Count Four). (*Id.*)[1]

Defendants all failed to plead, move, or respond to allegations pursuant to the time specified by Rule 12(a) of the Federal Rules of Civil Procedure. (Doc. 36 at 233; Doc. 40 at 260.) On November 4, 2024, TSDC moved for an entry of default against Defendants Chak, Fahd, Kwatra, Pearson, Bach, FindBuyHub, LLC, and Kleeman pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Doc. 32.) The clerk entered default on November 15, 2024. (Doc. 35.) On December 18, 2024, TSDC moved for an entry of default against Defendant Arkis. (Doc. 37.) On January 28, 2025, the clerk entered default. (Doc. 38.) TSDC now moves for default judgment against Defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Docs. 36, 40.)

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After entry of default under Rule 55(a), the party seeking relief may apply for a default judgment under Rule 55(b). Here, TSDC applied for

---

[1] TSDC served Defendants at differing times. On March 14, 2024, TSDC served Defendant Kleeman. (Doc. 36 at 232.) On May 1, 2024, TSDC served Defendants Chak, Fahd, Kwatra, and Pearson. (*Id.*) On August 2, 2024, TSDC served Defendant Bach. (*Id.*) On August 7, 2024, TSDC served Defendant FindBuyHub,LLC. (*Id.*) On October 22, 2024, TSDC served Defendant Arkis. (*Id.*) From the docket, the remaining Defendants Ahmet Surmen and Threedart, LLC have not been served. TSDC has not moved for default against these defendants.

an entry of default on March 19, 2024 as it relates to Defendants Reda Chak, Hisham Fahd, Chitesh Kwatra, Curtis Pearson, Thi Kieu Ann Bach, FindBuyHub LLC, and Emma Kleeman. (Doc. 32.) On April 3, 2024, the clerk entered default as to these defendants. (Doc. 35.) On December 18, 2024, TSDC applied for an entry to default as to Defendant Semih Arkis. (Doc. 37). The clerk entered default as to this defendant on January 28, 2025. (Doc. 38.)

Once default is entered, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments. *Zinganything, LLC v. Import Store*, 158 F.Supp.3d 668, 670 (N.D. Ohio 2016); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Unlike allegations on liability, damages allegations are not taken as true at this stage in litigation. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009). Instead, the civil rules require the court to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

Federal Rule of Civil Procedure 55(b)(2) provides that a district court "may" hold a hearing on a motion for default judgment when necessary to "conduct an accounting," or "determine the amount of damages." But by its terms, the rule "does not require the district court to conduct an evidentiary hearing." *Vesligaj*, 331 F. App'x at 354 (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.")).

## III. ANALYSIS

### A. Copyright Infringement, 17 U.S.C. § 501 (Count One)

Section 501(a) provides "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 or of the author as provided in section 106A(a) . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'n, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.E.2d 358 (1991); *RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 667 (6th Cir. 2024). "The first prong tests the originality and non-functionality of the work, both of which are presumptively established by the copyright registration. The second prong tests whether any copying occurred (as a factual mater) and whether the portion of the work copied were entitled to copyright protection (as a legal matter)." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004). The plaintiff has the burden to show these elements. *Ellis v. Diffie*, 177 F.3d 503, 506 (6th Cir. 1999).

The first element examines the originality and non-functionality of a work. *See Hi-Tech Video Prod., Inc. v. Capital Cities/ABC, Inc.*, 58 F.3d 1093, 1095 (6th Cir. 1995). Registration of the copyright presumptively establishes the first element. *Id.* ("certificate of copyright creates a presumption of the copyright's validity") (citing 17 U.S.C. § 401(c)). Once a presumption of ownership is established, the defendant bears the burden of showing the copyright is invalid. *Stokes v. Brinor, Inc.*, 683 F.Supp.3d 713, 721 (N.D. Ohio 2023).

Here, TSDC is the registered copyright owner of the Copyrighted Poem. (Doc. 36-1 at 245.) This is supported by the Complaint (Doc. 1 at 2, ¶ 3) and the uncontracted affidavits

submitted by TSDC (Docs. 36-1, 40-2).  Defendants, having failed to respond to the Complaint, have not argued the copyright is invalid.  Because a "certificate of copyright creates a presumption of the copyright's validity," *Hi-Tech Video Prod.*, 58 F.3d at 1095, TSDC established the first element of its copyright infringement claim as a matter of law against all Defendants.

The second element requires a court to determine, as a factual matter, whether any copying occurred and whether, as a legal matter, the copied work is entitled to copyright protection.  *Lexmark*, 387 F.3d at 534.  A plaintiff may prove the copying element by showing "both that the defendant had access to the work and that the original and allegedly infringing work are substantially similar."  *Parker v. Winwood*, 938 F.3d 833, 836 (6th Cir. 2019) (citing *Ellis*, 177 F.3d at 506).  If a plaintiff cannot show access, a plaintiff can nonetheless establish the copying element by "showing a '*striking* similarity' between her work and the allegedly infringing one."  *Id.* (quoting *Murray Hill Publ'ns, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 317 (6th Cir. 2004)).

Here, TSDC presented evidence each Defendant copied the Copyrighted Poem verbatim and used it on various products sold by Defendants:

- Defendant Chak: Operates and Etsy store offering a digital image download including Copyrighted Poem (Doc. 1, ¶ 45);
- Defendant Fahd: Operates an Etsy store offering a digital image download including Copyrighted Poem (*id.* at ¶ 38);
- Defendant Kwatra: Operates an Etsy store offering a digital image download including Copyrighted Poem (*id.* at ¶ 39);
- Defendant Pearson: Operates an Etsy store offering a digital image download including Copyrighted Poem (*id.* at ¶ 37);
- Defendant Thi Kieu Ann Bach (owner of Defendant FindBuyHub): Operates an Etsy store including digital image download including Copyrighted Poem (*id.* at ¶ 47);
- Defendant Kleeman: Operates an Etsy store offering digital image download and shirts including Copyrighted Poem (*id.* at ¶¶ 48-50);

- Defendant Arkis: Operates and Etsy store offering a shirt for sale including Copyrighted Poem (*id.* at ¶ 41).

TSDC established copying as a matter of law because it has shown each Defendant used an exact duplicate of the Copyrighted Poem.

Based on the above, TSDC established liability on Count One.

**B.     State Law Claims**

TSDC also moves for default judgment on the state law claims presented in Counts Two through Four. (Docs 36, 40.) The state law claims presented are likely preempted by the Copyright Act. *See* 17 U.S.C. § 301(a); *Stromback v. New Line Cinema*, 384 F.3d 283, 300 (6th Cir. 2004) (explaining copyright preemption); *Scotts Co. LLC v. SBM Life Sci. Corp*, 749 F.Supp.3d 865, 878-79 (S.D. Ohio 2024) (finding ODTPA claim preempted by Copyright Act because there was nothing qualitatively different between the claims). While TSDC seeks a finding of liability on these three claims, it does not seek damages on any of them. Instead, it only moves for damages on its copyright infringement claim. The Court address liability but not damages.

    **1.     Ohio Deceptive Trade Practices Act (Count Two)**

Under the Ohio Deceptive Trade Practices Act, "a person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person . . . causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods of services . . . [or] causes likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by another . . . ." Ohio Rev. Code § 4165.02. To prevail on an ODTPA claim, a plaintiff must show the defendant (1) made a false or misleading statement, (2) the statement actually deceived or has a tendency to deceive a substantial segment of the target audience, (3) the deception is likely to influence a purchasing

decision, and (4) the plaintiff has been or is likely to be injured as a result. *See Socal Powersports, Inc. v. Timken Co.*, No. 24-cv-2085, 2025 WL 1222637, 2025 U.S. Dist. LEXIS 79815, at *18 (N.D. Ohio Apr. 28, 2025) (citing *Torrance v. Rom*, 157 N.E.3d 172, 187-88 (Ohio Ct. App. 2020)).

Here, the same facts described above relating to the Copyright Act claim establish TSDC has proven liability on its ODTPA claim. Each Defendant, by using the Copyrighted Poem on its store, made a misleading statement it was associated with TSDC which was intended to deceive consumers. TSDC has been injured by the continued use of its copyrighted work. Accordingly, TSDC has proven liability on Count Two as to each Defendant.

### 2. Ohio Common Law Unfair Competition (Count Three)

Under Ohio common law, unfair competition "consists of representations by one person, for the purpose of deceiving the public, that his goods are those of another." *Water Management, Inc. v. Stayanchi*, 472 N.E.2d 715, 717 (Ohio 1984) (citing *Drake Med. Co. v. Glessner*, 67 N.E. 722, 727-28 (Ohio 1903)).

The above facts demonstrate TSDC is entitled to judgment as a matter of law on its unfair competition claim. The allegations establish each Defendant made representations for purposes of deceiving the public that its goods were associated with TSDC and its mission. TSDC has proven liability on Count Three as to each Defendant.

### 3. Ohio Common Law Unjust Enrichment (Count Four)

Under Ohio common law, unjust enrichment occurs when a party "retains money or benefits which in justice and equity belong to another." *Baatz v. Columbia Gas Transmission, LLC*, 295 F.Supp.3d 776, 790 (N.D. Ohio 2018) (quoting *Hummel v. Hummel*, 14 N.E.2d 923, 927 (Ohio 1938)). To establish an unjust enrichment claim the plaintiff must demonstrate "1)

benefit conferred by a plaintiff upon a defendant; 2) knowledge by the defendant of the benefit; and 3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Id.* (quoting *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984)).

The conduct TSDC alleges here establishes each Defendant is liable for unjust enrichment. For the same reasons discussed above, Defendants used TSDC's Copyrighted Poem for its own gain without permission. Thus, each Defendant has retained money or benefits which, under copyright law, belong to TSDC. TSDC has proven liability on Count Four as to each Defendant.

    **C.**    **Damages**

        **1.**    **Statutory Damages**

The Copyright Act gives owners the choice of recovering either actual damages or statutory damages. 17 U.S.C. § 504(c)(1). Here, TSDC seeks statutory damages. (Doc. 36 at 239; Doc. 40 at 266.)

When a plaintiff pursues statutory damages, the court may award "a sum of not less than $750 or more than $30,000." 17 U.S.C. § 504(c)(1). If the court finds the infringement was committed willfully, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* "For infringement to be willful, it must be done with knowledge that one's conduct constitutes copyright infringement." *Zomba Enter., Inc. v. Panorama Recs., Inc.*, 491 F.3d 574, 584 (6th Cir. 2007) (quotation and citation omitted).

In cases where a party has defaulted, courts often infer willfulness because by virtue of not participating in the case, it is impossible for a plaintiff to show proof of a defendant's state of mind, to show defendant's motive, or to assess defendant's profits. *See Prepared Foods Photos,*

*Inc. v. Antonio's Pizza, Inc.*, No. 23-cv-2470, 2024 WL 1996753, 2024 U.S. Dist. LEXIS 81650, at *11 (N.D. Ohio May 6, 2024) ("the vast majority of courts will infer willfulness from a defendant's default"); *Microsoft Corp. v. McGee*, 490 F.Supp.2d 874, 880 (S.D. Ohio 2007) ("Where the defendant has defaulted, willful copyright infringement is proven."); *Kinman v. Burnop*, No. 18-cv-809, 2020 WL 707583, 2020 U.S. Dist. LEXIS 24461, at *12 (M.D. Tenn. Feb. 12, 2020) (same); *Sony/ATV Music Publ'g LLC v. 1729172 Ontario, Inc.*, No. 14-cv-1929, 2018 WL 4007537, 2018 U.S. Dist. LEXIS 140856, at *23-24 (M.D. Tenn. Aug. 20, 2018) ("In a default case, such as here, the court may infer that the defaulting defendant willfully infringed the plaintiff's copyrights").

Even if the Court were not to infer willfulness from default alone, TSDC sufficiently proved willfulness by the allegations in the Complaint and later filings.  Each Defendant knowingly used the Copyrighted Poem on images and shirts, knowing they did not have the proper authorization.  Further, TSDC's counsel contacted each Defendant prior to suit to apprise Defendants of their ongoing violations of TSDC's copyright.  (Doc. 36 at 240-41; Doc. 40 at 267.)  Nonetheless, Defendants continued using the copyrighted materials without license or permission.  These facts further support a finding of willful infringement.  *See Broad. Music, Inc. v. Pub Dayton, LLC*, No. 11-cv-58, 2011 WL 2118228, 2011 U.S. Dist. LEXIS 57211, at *8-9 (S.D. Ohio May 27, 2011) (finding willful infringement where defendant ignored plaintiff's repeated communications).  Defendant's infringement in this case was willful.

The next issue is what statutory damages should be awarded for Defendants' willful infringement.  TSDC neither requests nor argues for a specific amount in damages.  Instead, TSDC seeks statutory damages, argues willfulness, and then contends the Court should award "[s]tatutory damages in an amount determined by the Court for the willful nature of the

infringing conduct[.]" (Doc. 36 at 230.)

Because TSDC did not support its motion with any formulation for calculating damages let alone a damages amount, the Court declines to create a damages calculation on its own. Courts in the Sixth Circuit look to a typical licensing fee a copyright plaintiff would have charged in deciding what damages are reasonable. *See Broadcast Music, Inc. v. Whiskey Stop Bar and Grill, Inc.*, No. 5:23-cv-1889, 2024 WL 943322, 2024 U.S. Dist. LEXIS 37794, at *11 (N.D. Ohio Mar. 5, 2024) (holding that courts "routinely found that an award of approximately three-times the licensing fee that the plaintiff would have received is appropriate"). Without that information, or any other information to support a damages calculation, TSDC's request for damages under the Copyright Act is denied. To the extent TSDC seeks statutory damages on its Copyright Act claim, it must file supplemental briefing supporting a specific calculation within thirty (30) days of this Order.

### 2. Attorneys' Fees and Costs

In copyright infringement cases a court may award the prevailing party costs and reasonable attorney's fees. *See* 17 U.S.C. § 505. When determining whether to award attorneys' fee in a copyright action, the Sixth Circuit uses four non-exclusive factors: frivolousness of the claim, motivation, reasonableness, and deterrence. *Thoroughbred Software Int'l, Inc. v. Dice Corp.*, 488 F.3d 352, 361 (6th Cir. 2007) (citing *Coles v. Wonder,* 283 F.3d 798, 804 (6th Cir. 2002)); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). None of these four factors are a necessary condition to award attorney costs and fees, but instead must be weighed against one another. *Bridgeport Music, Inc. V. WB Music Corp.*, 520 F.3d 588, 593 (6th Cir. 2008). That said, in the Sixth Circuit the "grant of fees and costs is the rule rather than the exception and should be awarded routinely." *Id.* at 592.

Weighing the factors, TSDC's claim is not frivolous and is motivated to stop future infringement.  Considering the continuous infringement by Defendants despite TSDC's previous settlement attempts, a need for deterrence is particularly weighty.  (Doc. 36 at 234; Doc. 40 at 261.)  All factors support granting the request for attorneys' fees and this case is not the "exception" where the request should not be granted.

TSDC supports its attorneys' fees request with the declaration of attorney Angela Lavin, which details the hours spent on TSDC's claims, her hourly rate, and costs associated with obtaining service on the Defendants.  (Doc. 36-2 at 2-3; Doc. 40-1. at 2-3.)  Accordingly, the Court orders as follows:

- Defendants Chak, Fahd, Kwatra, Pearson, Thi Kieu Anh Bach, FindBuyHub, Kleeman, and Arkis are ordered to pay $21,814.33 in attorneys' fees divided equally;
- Defendant Arkis is ordered to pay $977.00 in additional attorneys' fees and $170.20 in costs relating to the subsequent motion for default which only applied to him;
- Defendants Chak, Fahd, Kwatra, and Pearson are ordered to pay an additional $986.67 in attorneys' fees divided equally relating to alternative service;
- Defendants Chak, Fahd, Kwatra, Pearson, Thi Kieu Anh Bach, FindBuyHub, and Kleeman are ordered to pay $244.61 divided equally for expenses;
- Defendants Thi Kieu Anh Bach, FindBuyHub, and Kleeman are ordered to pay $25.56 in expenses divided equally relating to domestic service.

### 3. Injunctive Relief

The Copyright Act authorizes injunctive relief as a remedy for infringement "on such terms as [the Court] may deem reasonable to prevent or restrain infringement on a copyright." 17 U.S.C. § 502(a).  A copyright infringement, however, does not automatically entitle the prevailing party to an injunction.  *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006).  The plaintiff must still demonstrate (1) that it suffered an irreparable injury; (2) there is no adequate remedy at law; (3) that, considering the balance of hardship between the plaintiff and the defendant, a remedy in equity is warranted; and (4) it is in the public's interest to issue the injunction.  *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir.

2006) (citing *eBay*, 547 U.S. at 391).

Regarding the first factor, courts within the Sixth Circuit have found that "copyright infringement is presumed to give rise to irreparable injury" due to the nature of the act and likelihood of harm. *See McGee*, 490 F.Supp.2d at 882. For similar reasons, the Sixth Circuit has held when there is a potential for future harm, there is no adequate remedy at law. *See Audi AG*, 469 F.3d at 550. For the third factor, courts have found that in copyright cases, there is little hardship faced by the defendant in refraining from willful infringement while the plaintiff faces continuous hardship from loss due to infringement. *Audi AG*, 469 F.3d at 550; *McGee*, 490 F.Supp.2d at 883. Lastly, courts have consistently found that there is a strong public interest in upholding copyright protections. *Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc.*, 453 F.3d 377, 383 (6th Cir. 2006) (finding that preventing consumer confusion and deception in the marketplace is a fundamental purpose to copyright law); *McGee*, 490 F.Supp.2d at 883 ("[s]ince Congress has elected to grant certain exclusive rights to the owner of a copyright . . . it is virtually axiomatic that the public interest can only be served by upholding copyright protections.").

Finally, in copyright cases, the Sixth Circuit has held "it is uncontroversial that a showing of past infringement and a substantial likelihood of future infringement justifies issuance of a permanent injunction." *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 492 (6th Cir. 2007) (citations omitted). When a threat of continuing infringement is established, the plaintiff is entitled to an injunction, as a denial of a request could "amount to a forced license to use the creative work of another." *Id.* (quoting *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 967-68 (8th Cir. 2005)).

Permanent injunctive relief against Defendants is warranted in this case. TSDC satisfied

each factor described above.  In line with other Sixth Circuit courts, Defendants' copyright infringement is presumed to create an irreparable injury.  Defendants have also demonstrated a willingness to continue infringing creating a potential for future harm and demonstrating that there is no adequate remedy at law.  In balancing the hardships, Defendants face no harm in refraining from willful infringement while TSDC's harm will be relieved.  Additionally, as demonstrated by other Sixth Circuit cases, public interest is upheld when copyrighted works are protected.  Finally, given Defendants have continued to sell infringing merchandise despite TSDC's attempts to privately settle (Doc. 36 at 234; Doc. 40 at 261), there is a strong risk of future infringement which justifies a permanent injunction.

Accordingly, pursuant to Federal Rule of Civil Procedure 65, TSDC's request for a permanent injunction is granted and Defendants are permanently enjoined as follows:

> Defendants, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant are permanently enjoined from (a) directly or indirectly infringing Plaintiff's copyright or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any work derived or copied from Plaintiff's copyrighted poem or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any versions of the copyrighted poem owned by Plaintiff.

## IV.     CONCLUSION

For the reasons stated herein, Plaintiff TSDC's Motions for Default Judgment (Docs. 36, 40) are GRANTED in part and DENIED in part.  To the extent TSDC seeks statutory damages on its Copyright Act claim, it must file supplemental briefing within thirty (30) days of this Order.  Failure to comply with this deadline will be a forfeiture of Plaintiff's right to seek statutory damages.  Plaintiff's award for attorney's fees and costs will be determined at the appropriate time.  Should Plaintiff fail to supplement its filing within thirty (30) days, $24,218.37

will be awarded in fees and costs as described above.  In accordance with Federal Rule of Civil Procedure 65, Defendants are permanently enjoined as stated herein.

    **IT IS SO ORDERED.**

Date:  August 26, 2025

                                                  BRIDGET MEEHAN BRENNAN
                                                  UNITED STATES DISTRICT JUDGE